EMMET DENSMORE AND HELEN DENSMORE v. JAMES A. HINCHMAN.

*Contract—Damages for breach—Submission to jury.*

In this case it is *held* that the evidence offered by the plaintiffs tended to establish the agreement counted on, and that plaintiffs had sustained damages by reason of its non-performance by defendant, the amount of which could have been ascertained by the jury, and that the court erred in directing a verdict in favor of defendant.

Error to Wayne. (Gartner, J.) Argued June 5, 1889. Decided October 11, 1889.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Corliss, Andrus & Leete*, for appellants.

*George H. Paine*, for defendant.

SHERWOOD, C. J. This case was tried in the Wayne circuit court before Judge Gartner, and a verdict was directed for the defendant. The plaintiffs bring error.

From the record it appears that plaintiffs are a firm, doing business in New York under the name of " Stillman Remedies Company," and were the owners of a valuable remedy used for medicinal purposes, and known as " Garfield Tea," and which the plaintiffs had discovered, and were selling throughout the United States; that they had an agency established at Detroit for the sale of the tea, in 1888, which was known to the defendant, he having been previously employed in the work of said agency, and was familiar with said remedy, and knew the value of the same, and the mode of vending the article.

Defendant, on the first day of March, 1888, entered into an arrangement with the plaintiffs, whereby it was understood and agreed between the parties that said defendant should become the agent of the plaintiffs for the sale of the Garfield tea at Cincinnati, Ohio, with the exclusive right to sell the same in the city of Cincinnati, and state of Kentucky; that he should go to Cincinnati about the first of April of that year, and establish an agency for the sale of the tea for the plaintiffs, and keep and maintain the same for three years, and to canvass, advertise, and labor to sell said tea; that he was to purchase the first year $1,000 worth, the second year $1,500 worth, and the third year $2,400 worth, of tea of the plaintiffs; and he was to sell said tea in no other places except in said territory; and said plaintiffs, for the purpose of establishing said agency in said territory at Cincinnati, were to furnish to the defendant the tea at less than half the value thereof; and, in pursuance of this agreement, the plaintiffs contend they furnished the tea claimed for in the declaration; and they further insist that the defendant neglected and refused to carry out said agreement with them; that, in making the agreement with them, he fraudulently intended to cheat and defraud them; that he neither used the goods sent to him by plaintiffs to establish the agency, nor did he try to work up a trade in the plaintiffs' goods within the territory named, but received the same and sold them at Detroit, Michigan, and other places; and that the plaintiffs were damaged in the premises several thousand dollars by the neglect and fraudulent conduct of the defendant.

Of course, there is, under the direction the circuit court gave, but one question in the case, and that is, was there testimony in the case reasonably tending to establish the facts mentioned in the declaration, and necessary to be maintained to authorize a recovery?

We have looked through the record, which contains all the

proceedings had in the case, and we are unable to reach the conclusion announced by the circuit judge.

Under the testimony as it is presented in the record, it would appear that a gross swindle was attempted to be perpetrated upon the plaintiffs. The testimony, if true, very strongly tends to show that the defendant only used the tea obtained upon the arrangement entered into for the purpose of disposing of the same to his advantage, without any regard to establishing the agency, and, when called to account by the plaintiffs, refused to pay for the tea received, or give it back to the plaintiffs.

The evidence also tends to show that the goods furnished to the defendant were actually worth $1,014; but in view of the agreement under which he received them, he had paid but $338.

We think that the evidence offered by the plaintiffs—no other was offered in the case—tended to establish a contract between the parties, such as was claimed by the plaintiffs, and that it further tended to show that the plaintiffs sustained damage by the failure of the defendant to perform the same on his part, and that there was testimony in the case from which the jury could have reasonably ascertained the extent thereof.

The judgment must be reversed, and a new trial granted. The case upon its facts, was one for the jury, and it was error to take it from them.

The other Justices concurred.