MILLER v. STATE.

Opinion delivered Jauanry 21, 1907.

LIBEL—VARIANCE—HEADLINE OF NEWSPAPER.—While the headline of a newspaper article may be considered as part of the article for the purpose of determining its meaning, and may itself constitute a libel, yet it is so distinct from the article that a charge of criminal libel based upon a newspaper article will not be sustained by evidence merely that

defendant published a headline to an article in which the alleged libelous words appeared, without proof of the contents of the article itself.

Appeal from Pulaski Circuit Court; *Robert J. Lea,* Judge; reversed.

*W. H. Pemberton,* for appellant.

1.    In this case, before the State could properly ask for a conviction, it was necessary to prove that the appellant published a newspaper article containing the libel set out in the indictment. Proof of what was contained in the headline alone was not sufficient to sustain the allegation.    To charge that one offers a bribe can not properly be construed to mean that he commits the crime of bribery, nor can the indictment in this case be aided by innuendo.    93 Am. Dec. 54; 11 Am. Rep. 534; 46 Am. Dec. 730; 13 Metc. (Mass.) 278; 13 Am. & Eng. Enc. of L. (1 Ed.), 465-7; 24 Ark. 603; Townshend, on Slander & Libel, § 336 *et seq.*

2. . The court erred in instructing the jury that the words used were libelous *per se,* and that they meant that the prosecuting witness committed the legal crime of bribery and forgery. The jury should have been permitted to pass upon the meaning of the alleged libelous matter, giving to the words of the article complained of their usual and ordinary meaning.    24 Ark. 603; 36 Ark. 310; 55 Ark. 494; 25 Am. Dec. 213; 15 *id.* 122; 3 *id.* 383; 2 *id.* 488; 4 Wis. 231; 114 Pa. St. 554; 13 Am. & Eng. Enc. of L. (1 Ed.) 378-381; *id.* 384; Townshend on Libel & Slander, pp. 137, 142; 85 Am. Dec. 456; 93 *id.* 49; 5 Am. Rep. 396; 11 Kan. 480; 2 Am. Rep. 525; 3 Am. & Eng. Enc. of L. (1 Ed.), 349.

*Lewis Rhoton,* Prosecuting Attorney, for appellee.

1.    The State makes no contention that the declaration can be aided by innuendoes, but that the words "Bob Rogers offers a bribe" charges him with having committed the crime of bribery; and that the words "and commits forgery" unequivocally charges him with having committed the crime of forgery.    In determining the meaning of words charged to be libelous, the court, or jury, should place itself in the position of the hearer or reader, and determine the sense or meaning of the language in question according to its natural and popular construction.    Townshend, Libel & Slander, § 133. And when the language is unambiguous it

is the province and duty of the court to determine its meaning. 114 Pa. St. 554, 559. See also 25 Am. Dec. 513. In this State it is a felony to offer a bribe. Kirby's Digest, § 1602; art. 5, § 34, Const. 1874. The offense of bribery is complete when the offer to bribe is made. 1 Am. & Eng. Enc. of L., 878. If the words complained of are unambiguous, and obviously charge an offense, no innuendo is necessary; and if the indictment is good without the innuendo, it may be rejected as surplusage. 13 Enc. of Pl. & Pr. 103; 15 Pick. 321; 6 Ga. 276; 12 Mo. App. 511. See also 5 Blackf. (Ind.), 453; 77 Mich. 133.

2. In an indictment for libel it is only necessary to set out such words as are the basis of the complaint. It is not necessary to set forth the whole publication in which the alleged defamation occurs. 13 Enc. of Pl. & Pr. 102; 2 Gray, 292; 8 Mo. App. 600; 32 Me. 550; 61 Minn. 142; 18 Atl. 331; 9 Minn. 181.

McCULLOCH, J. Appellant Henry J. Miller was convicted of the crime of libel under the following indictment (omitting the caption and formal part) towit:

"The said Henry J. Miller in the county and State aforesaid, on the 6th day of March, 1906, unlawfully, knowingly, wickedly and maliciously did write, print and publish a false, malicious and defamatory libel in the form of a newspaper article containing false, malicious and defamatory matters and things of and concerning one Robert L. Rogers, according to the terms and effect following: That is to say, 'Bob Rogers offers a bribe and then commits forgery,' thereby meaning by 'Bob Rogers' the said Robert L. Rogers, and thereby meaning by said words falsely and knowingly to charge that the said Robert L. Rogers had committed the crime of bribery and forgery, he, the said Henry J. Miller, then and there well knowing the said malicious and defamatory libel to be false, against the peace and dignity of the State of Arkansas."

Appellant was proved to be the editor, proprietor and publisher of a newspaper called the *Argenta Daily News,* printed and published in the City of North Little Rock, Arkansas, and the prosecuting attorney introduced a witness who read to the jury, as a part of his testimony, a heading of that newspaper of the date of March 6, 1906, as follows: "Bob Rogers offers a bribe, and then commits forgery."

No other part of the newspaper was offered in evidence. The defendant objected to the evidence, and also asked the court to instruct the jury that it was insufficient to sustain the allegation of indictment as to the publication of the libel. The court overruled both the objection to the evidence and the request for instruction, and exceptions to the rulings were duly saved.

The court, at the request of the State's attorney, instructed the jury, over the objection of the defendant, that the words read in evidence from the newspaper charged the person named with having committed the crime of forgery and bribery, and, if false, were libelous *per se.*

The indictment charges that the defendant printed and published the defamatory words in the form of a newspaper article, meaning to charge that the person named had been guilty of the crime of bribery and forgery. To sustain the allegation, the State was permitted to prove that the defendant printed and published a headline containing the alleged defamatory words, and the court held this to be sufficient to sustain the charge.

The headline of a newspaper or other publication is a summary or index of that which follows. "The line at the head or top of a page." Webster. "The line at the top of the page, which contains the folio or number of the page, with the title of book (technically known as the running head), or the subject of the chapter or the page." Century Dictionary. An article is defined to be "a literary composition on a specific topic, forming an independent portion of a book or literary publication, especially of a newspaper, review, or other periodical." Century Dictionary.

In a certain sense the headline is a part of the article or chapter which follows, but, strictly speaking, it is separate, and the terms convey a different meaning than that of the article or chapter itself. It may be considered as a part of the article for the purpose of determining the meaning of the latter, and the headline itself may constitute a libel. *Landon* v. *Watkins,* 61 Minn. 137; *Hayes* v. *Press Co., Ltd.,* 127 Pa. St. 642; *Clement* v. *Lewis,* 7 Moore, C. P. 200, 10 Price, 181; *McAlester* v. *Detroit Free Press Co.,* 76 Mich. 336. But here the indictment charged the defendant with having published a libel in the form of

a newspaper article, and that the State introduced in evidence only the headline of an article which the court held to be libelous *per se.* In ascertaining the meaning of the words spoken or written to determine whether or not they are libelous the entire conversation or writing must be considered (18 Am. & Eng. Enc. L. pp. 983, 984 and cases cited) ; and where the defendant is accused of having published a newspaper article which is libelous on its face, it is not sufficient to prove only the headline or index to such article. Conceding that the court was correct in holding the words contained in the headline, when considered by themselves, to be libelous *per se,* yet the body of the article may have qualified or explained those words to the extent that it would have been a question for the jury to determine whether they amounted to a libel. The article itself was not introduced, nor did the defendant ask permission to introduce it, but the introduction of what purported to be merely a headline, index or synopsis presupposed that the article to which it related followed, and that, too, should have been introduced. The defendant was not bound to introduce the article. He had the right to insist on the State sustaining the allegations of the indictment by proof which conformed thereto. The proof must always conform to the allegation ; and the State could not sustain an allegation of libel contained in a newspaper article by proof merely of language used in the headline which was libelous. Having alleged that the article was libelous, the State should have been required to prove it.

We do not mean to hold that the libel could not be contained in the headline to the article, nor that under this indictment the headline could not be introduced in the evidence as a part of the article. We do not say, either, that a statement printed in a newspaper in the form of a headline, but which in fact is disconnected from any article, and has no reference to any article, may not be described in the indictment as an article. But where it is what it purports to be, a headline or an index to the article which follows, then proof of its contents, without proof also of the article to which it relates, will not sustain an allegation of libelous matter in the article itself.

The justice of this view of the law becomes more apparent when we consider the defense which the defendant undertook

under his plea of justification, and which was practically denied him by the ruling of the court. He undertook to show by evidence that the prosecuting witness had offered to pay money to certain parties, Dyer and Hatley, by name, in consideration that they should make a statement as to the good character of said prosecuting witness, but the court held that such offer did not constitute the crime of bribery, and would not justify the defamatory statement. He also undertook to show that the prosecuting witness had without authority signed the name of Hatley to a certain written statement concerning his (witness') good character; but the court held that the said writing was not such an instrument as could be the subject of the crime of forgery, and that such act would not justify the defamatory statement as to the prosecuting witness having committed forgery.

Now, if the newspaper article had been introduced in evidence, it might have qualified the headline, and shown that the defendant had only stated that the prosecuting witness offered a bribe to Dyer and Hatley for the purpose named, and forged the name of Hatley to the instrument in question. In other words, that he had not accused the prosecuting witness of having technically committed the crime of bribery and forgery. In that event the charge could not have been libelous *per se,* and the defendant would have been entitled to have the question submitted to the jury to determine whether the words used were in fact libelous, and, if so, whether they were in fact false or true.

The court, therefore erred in admitting in evidence the headline to the article without the article itself. Reversed and remanded for a new trial.

Note by the Court. Chief Justice HILL was present when this case was considered, and concurs in the judgment of reversal on the grounds stated in the opinion.